IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPER M. GAINES,

    Plaintiff,

v.                            Civil Action No.   3:19CV214

ROBERT P. MOSIER, et al.,

    Defendants.

## MEMORANDUM OPINION

Christopher M. Gaines, a state inmate proceeding pro se and in forma pauperis, filed this civil action.  The action proceeds on the PARTICULARIZED COMPLAINT ("Second Particularized Complaint," ECF No. 35) that was filed in response to the Court's directive to file a second particularized complaint.  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.   PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."  Clay v. Yates, 809 F.

Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490

U.S. 319, 327 (1989)).   The second standard is the familiar

standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the

sufficiency of a complaint; importantly, it does not resolve

contests surrounding the facts, the merits of a claim, or the

applicability of defenses."  Republican Party of N.C. v. Martin,

980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright &

Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).

In considering a motion to dismiss for failure to state a claim,

a plaintiff's well-pleaded allegations are taken as true and the

complaint is viewed in the light most favorable to the plaintiff.

Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993);

see also Martin, 980 F.2d at 952.   This principle applies only to

factual allegations, however, and "a court considering a motion to

dismiss can choose to begin by identifying pleadings that, because

they are no more than conclusions, are not entitled to the

assumption of truth."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short

and plain statement of the claim showing that the pleader is

entitled to relief,' in order to 'give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests.'"

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second

alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47

2

(1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id. (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556).  In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim."  Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

## II.  PROCEDURAL HISTORY

By Memorandum Order entered on November 15, 2019, the Court

directed Gaines to file a particularized complaint.   The Court

noted that:

> In order to state a viable claim under 42 U.S.C. § 1983,[1]
> a plaintiff must allege that a person acting under color
> of state law deprived him or her of a constitutional
> right or of a right conferred by a law of the United
> States.  See Dowe v. Total Action Against Poverty in
> Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing
> 42 U.S.C. § 1983).  Courts must liberally construe pro
> se civil rights complaints in order to address
> constitutional deprivations.  Gordon v. Leeke, 574 F.2d
> 1147, 1151 (4th Cir. 1978).  Nevertheless, "[p]rinciples
> requiring generous construction of pro se complaints are
> not . . . without limits."  Beaudett v. City of Hampton,
> 775 F.2d 1274, 1278 (4th Cir. 1985).  In his current
> Complaint, Plaintiff does not identify the particular
> constitutional right that was violated by the
> defendant's conduct.  Plaintiff's current terse and
> conclusory allegations also fail to provide the
> defendant with fair notice of the facts and legal basis
> upon which his or her liability rests.  See Bell Atl.
> Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting
> Conley v. Gibson, 355 U.S. 41, 47 (1957)).

(ECF No. 19, at 1-2 (footnote omitted).)  Accordingly, the Court

directed to Gaines to follow a particularized complaint that

complied with the following directives:

> a.  At the very top of the
> particularized pleading, Plaintiff is
> directed to place the following caption in all
> capital letters "PARTICULARIZED COMPLAINT FOR
> CIVIL ACTION NUMBER 3:19CV214."
>
> b.  The first paragraph of the
> particularized pleading must identify the
> statute, rule or case that authorizes this
> action.  The second paragraph must contain a

4

list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

**FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** See Fed. R. Civ. P. 41(b).

Id. at 2 (emphasis in original). After receiving four extensions of time, and six months later, Gaines filed a Statement of Facts that the Court construed as a Particularized Complaint on March 26, 2020. (ECF No. 30.) However, Gaines failed to comply with the directives of the Court. By Memorandum Order entered on April 3, 2020, the Court again explained that Gaines's Particularized Complaint was terse and failed to state a claim for relief. The Court noted that: "At most, it states that 'I told Robert P. Mosier that I was being harassed by the officers, that work at N.W.R.A.D.C., and he did nothing about this' and that [Gaines]

5

'suffer[ed] from cruel and harsh punishment.'" (ECF No. 32, at 1 (citation omitted).)[1]   Accordingly, the Court directed Gaines to file a second particularized complaint and again, provided specific instructions.

After an extension of time, Gaines filed the Second Particularized Complaint.   As discussed below, this terse submission fails to identify a viable claim for relief.

## III. ANALYSIS

As previously noted, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). It is both unnecessary and inappropriate to engage in an extended discussion of Gaines's vague theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke, 490 U.S. at 324)).   In his initial Complaint filed with the Court, Gaines explained that he was involved in an altercation at a bar around 2:00 a.m. in

---

[1]   The Court corrects the spelling, capitalization, punctuation, and omits the emphasis in quotations from Gaines's submissions.

which he was shot twice.  (ECF No. 1, at 3-4.)  Gaines indicated

that  "Fauquier  County  officers  and  investigator  have  done  a

complete systematic cover-up and I need the power of this Court to

assist in re-opening the investigation into me being shot."  (Id.

at 4.)  Gaines indicates that he "was admitted to the emergency

room - cared for and then released later that same morning."  (Id.

at 6.)  At some point thereafter, Gaines became incarcerated.  (See

ECF No. 17, at 1.)  It is not clear why.

In his Particularized Complaint and the Second Particularized

Complaint, his allegations evolved into vague complaints about

harassment while detained.  Gaines indicates in sum:

### Statement of Facts

Robert P. Mosier and James F. Whitley, violated my constitutional rights, by having me at the N.W.R.A.D.C., and be sexually harassed, by the officers that work there.

### Actionable Claim

I told Robert P. Mosier that I was being harassed by the officers that work at the N.W.R.A.D.C. and he did nothing about this.

### Prayer of Relief

I ask for one billion dollars in relief, due to the pain and suffering that I have been through.

### Paragraph

(1)   Robert P. Mosier, and

(2)   James F. Whitley, violated my constitutional rights due to me suffering from cruel and unusual punishment.  This is my particularized complaint.

(Sec. Part. Compl. 1-2.)  As a preliminary matter, to the extent

that Gaines wanted this Court to re-open a criminal investigation

7

around the altercation at a bar,[2] Gaines fails to identify the procedural vehicle that would authorize this Court to take such steps.

Moreover, Gaines's vague complaint that he was sexually harassed while detained at detention center fails to state a claim for relief. To allege an Eighth Amendment claim, an inmate must allege facts showing: (1) objectively that the deprivation suffered or harm inflicted "was 'sufficiently serious,' to the inmate; and (2) subjectively that the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective facet of the test, the inmate must allege facts showing that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To successfully plead such extreme deprivation, Gaines "must allege 'a serious or

---

[2] Gaines appears to have abandoned this claim as it was not raised in his Second Particularized Complaint.

8

significant physical or emotional injury resulting from the challenged conditions.'" Id. (quoting Strickler, 989 F.2d at 1381).

The subjective facet of the test requires the plaintiff to allege facts showing that a particular defendant acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." Quinones, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, the deliberate indifference standard requires a plaintiff to assert facts sufficient to permit an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that

9

his actions were 'inappropriate in light of that risk.'" Parrish
ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004)
(quoting Rich, 129 F.3d at 340 n.2).

As a preliminary matter, allegations of verbal abuse and
harassment by guards fails to state a claim of constitutional
dimension. See Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir
2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.
1979)). Certainly, sexual abuse by officers could state a claim
for relief under the Eighth Amendment. See Jackson v. Holly, 666
F. App'x 242, 244 (4th Cir. 2016) (citations omitted); Boddie v.
Schieder, 105 F.3d 857, 861 (2d Cir. 1997) (explaining that
"[s]exual abuse may violate contemporary standards of decency and
can cause severe physical and psychological harm"). However, "[t]o
prevail on a constitutional claim of sexual harassment, an inmate
must therefore prove, as an objective matter, that the alleged
abuse or harassment caused 'pain,' and as a subjective matter,
that the officer in question acted with a sufficiently culpable
state of mind." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir.
1997) (citation omitted). Gaines fails to allege facts that would
plausibly suggest that he suffered sufficiently severe injuries or
that Defendants knew of and disregarded a substantial risk of
injury to Gaines by not acting on his complaints. Accordingly,
Gaines fails to satisfy either the objective or subjective prong
of the Eighth Amendment. Accordingly, his claim and the action

10

will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the action will be dismissed for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Gaines.

It is so ORDERED.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 11, 2020